1

2

3

4

5

6

7

8

9 **UNITED STATES DISTRICT COURT**

10 EASTERN DISTRICT OF CALIFORNIA

11

12 CARLOS SANCHEZ, JR.,                    Case No. 1:13-cv-01982 DLB PC

13              Plaintiff,                 ORDER DISMISSING COMPLAINT
                                           WITH LEAVE TO AMEND
14       v.
                                           THIRTY-DAY DEADLINE
15 L.V.N. UBA, et al.,

16              Defendants.

17

18       Plaintiff Carlos Sanchez, Jr., ("Plaintiff") is a state prisoner proceeding pro se and in forma

19 pauperis in this civil action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on December 4,

20 2013.[1]  He names L.V.N. Uba and R.N. Whitten as Defendants.

21 **A.    SCREENING REQUIREMENT**

22       The Court is required to screen complaints brought by prisoners seeking relief against a

23 governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

24 Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

25 "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

26 monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

27 "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

28

---

[1] On December 30, 2013, Plaintiff consented to the jurisdiction of the magistrate judge pursuant to 28 U.S.C. § 636(c).

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.  Plaintiff must present factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.**     **SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently housed at Valley State Prison in Chowchilla, California, where the events giving rise to this action took place.

Plaintiff alleges the following.  On September 22, 2013, Plaintiff injured his left hand and wrist while participating in yard activities.  Plaintiff was in excruciating pain and presented to the medical clinic at Facility "D."  He informed Defendants L.V.N. Uba and R.N. Whitten that he was in extreme pain and showed them his left hand and wrist which appeared swollen.  Plaintiff requested medical treatment and something to help relieve the pain.  Defendants Uba and Whitten told Plaintiff

2

to return in the morning as there was nothing they could do for him right now.  Plaintiff asked for pain relief medication.  In response, Defendants Whitten and Uba wrote Plaintiff a pass to see the R.N. medical line the next morning.  Defendants informed Plaintiff to just "report in the morning, that's when medication will be given to you if needed."

Plaintiff alleges he suffered pain and humiliation as a result of Defendants' failure to take action to relieve the pain.  Plaintiff seeks declaratory relief and compensatory damages.

## C.   DISCUSSION

1.   Eighth Amendment – Deliberate Indifference to Medical Need

To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must show deliberate indifference to his serious medical needs.  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)) (quotation marks omitted).  The two-part test for deliberate indifference requires the plaintiff to show (1) a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain, and (2) the defendant's response to the need was deliberately indifferent.  Jett, 439 F.3d at 1096 (quotation marks and citation omitted).  Deliberate indifference is shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference.  Id. (citation and quotation marks omitted).  Deliberate indifference may be manifested when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care.  Id. (citation and quotations omitted).  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs.  Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

Here, the Court does not find that Defendants' actions rise to the level necessary to state a constitutional violation.  Plaintiff sustained an injury to his hand and wrist and the area became swollen.  He sought aid from the Defendants who advised him to return in the morning and report to

the medical clinic.  Defendants provided him with a medical pass for the next morning.  Isolated occurrences of neglect do not rise to the level of an Eighth Amendment violation.  O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990) (quotation marks omitted); Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).  Plaintiff will be provided an opportunity to file an amended complaint to present a cognizable claim.

**D.**     **CONCLUSION AND ORDER**

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983.  The Court will provide Plaintiff with an opportunity to file an amended complaint.  Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named Defendant did that led to the deprivation of Plaintiff's federal rights and liability may not be imposed on supervisory personnel under the theory of mere *respondeat superior*, Iqbal, 556 U.S. at 676-77; Starr v. Baca, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

///
///
///
///
///
///
///
///
///
///

4

**ORDER**

Accordingly, it is HEREBY ORDERED that:

1.      Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;

2.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

3.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4.      If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **December 2, 2014**            /s/ *Dennis L. Beck*
                                                 UNITED STATES MAGISTRATE JUDGE